IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| vs. | Case No: 18-03083-01-CR-S-RK |
| **RICHARD LESLIE TURNER, III,** | |
| Defendant. | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on July 26, 2019. For the reasons set forth below, the Government recommends that this Court sentence the defendant, Richard Leslie Turner, III. (Turner), to a term of incarceration of 12 months' imprisonment.

### I. BACKGROUND

On January 30, 2019, Turner pleaded guilty before the Honorable David P. Rush, U.S. Magistrate Judge, to the sole count of the Indictment, that is, maliciously conveying false information related to explosive materials, in violation of 18 U.S.C. § 844(e). On April 25, 2019, the final Presentence Investigation Report (PSR) was filed. The sentencing hearing is scheduled for July 26, 2019.

### II. LEGAL STANDARD

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220 (2005), sentencing still begins with a properly calculated advisory Sentencing Guidelines

range. *See Gall v. United States*, 128 S. Ct. 586, 596 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2464-65 (2007); *Booker*, 543 U.S. at 245-46; *United States v. Plaza*, 471 F.3d 928, 930 (8th Cir. 2006). Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory Guidelines sentencing range. *Plaza*, 471 F.3d at 930. After calculating the advisory Guidelines range, the Court considers that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007); *Plaza*, 471 F.3d at 930.

### III. DISCUSSION

#### A. Statutory and Guidelines Calculations

The final PSR, filed on April 25, 2019, finds a maximum term of imprisonment for Count One of 10 years; a Guidelines imprisonment range of 12 months to 18 months. (PSR 15-16, ¶¶ 83-84.) Additional, Turner is eligible for probation pursuant to the statute, but ineligible for probation pursuant to the Guidelines; a statutory supervised release term of not more than three years; and a Guidelines supervised release term of one year to three years. (PSR 16, ¶¶ 86-89.) The Government concurs with these calculations.

#### B. Statutory Sentencing Factors

In the vast majority of cases, the properly calculated Sentencing Guidelines range corresponds to a sentence that fully satisfies the 18 U.S.C. § 3553(a) factors.[1] This is because a

---

[1] The § 3553(a) factors include:
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed-
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and

2

within-Guidelines sentence reflects the accumulated wisdom and expertise of the United States Sentencing Commission. *See Kimbrough*, 128 S. Ct. at 574. Consequently, only in rare cases will full consideration of the § 3553(a) factors call for a sentence outside the Guidelines range, either above or below. This is not one of those rare cases, and the Government respectfully submits that full consideration of these factors warrants a within-Guidelines sentence of 33 months' imprisonment.

1. **Nature and Circumstances of the Offense**

On July 13, 2018, Turner arrived at the Veterans Affairs (VA) Outpatient Clinic, in Mt. Vernon, Missouri, within the Western District of Missouri, for a previously scheduled appointment. Upon arrival, Turner was informed by the staff that his appointment had been cancelled and they attempted to contact him regarding the change, but were unsuccessful. At that time, Turner became upset and left the building. Shortly thereafter, another patient entered the VA Clinic and advised staff that Turner was in the parking lot making threats about blowing up the clinic. Pursuant to agency policy, a staff member contacted the VA Police Department, which was located in Fayetteville, Arkansas. In an effort to assess the dangerousness of the threat, the VA Police Chief James Warden called Turner on the phone at his residence in Springfield, Missouri. During the conversation Chief Warden advised Turner that it was illegal to say that he

---

        (D) to provide the defendant with needed ... medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for-
        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;
(5) any pertinent policy statement ...;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct....

3

was going to blow-up a federal building.  In response, Turner told Chief Warden that he was angry that the police were called and he was now going to blow up the VA Clinic.  As a result of the threat directly communicated to him, Chief Warden ordered that the VA Clinic in Mt. Vernon, Missouri, be evacuated and closed.

In this case, Turner made at least one confirmed threat to blow up the VA Outpatient Clinic, in Mt. Vernon, Missouri.  As a result of his actions, the VA Clinic was evacuated and closed down, resulting in a loss of services to all of its patients scheduled to be seen that day.  While there is no evidence that Turner took any steps to carry out his threat, because of his actions, a government medical facility had to be evacuated and services were denied to those veterans who were seeking assistance that day.  There is no denying that Turner has served this country and suffers from mental health related illnesses that arose from his service, those facts do not give the defendant the right to threaten, harass, or abuse the community and those seeking to provide him with essential services.  Given the nature and circumstances of the criminal act perpetrated by Turner that resulted in the evacuation and closure of the VA Outpatient Clinic, a sentence of 12-months would adequately reflect the serious nature of this offense and the need for adequate punishment.

### 2. History and Characteristics of the Defendant

As a criminal history of "I" reflects, Turner does not have an extensive criminal history. (PSR 9, ¶ 37.)  With that in mind, Turner does have several prior minor convictions that demonstrates his lack of respect for and unwillingness to follow the law.  (PSR 6-8, ¶¶ 27-37.) Furthermore, several of Turner's convictions, along with his disturbing behavior toward other members in the community and law enforcement, demonstrates a pattern of assaultive abuse that cannot go unmentioned.

4

With these facts in mind, Turner clearly suffers from several mental illnesses that would explain the basis for his actions. (PSR 13-14, ¶¶ 65-70.) The fact that Turner's service to this country gave rise to his mental health illnesses only further complicates the circumstances that gave rise to this offense. When taken as a whole, threatening to blow up a government building cannot be tolerated under any circumstances but it can be better understood given the mental illness that Turner suffers from. As a result, the government would request that the Court fashion a sentence balances Turner's serious and dangerous conduct in this case, against the real mental illnesses that he suffers from and resulted in his service to this country. As such, the government would argue that a sentence of 12 months accomplish such a goal.

### 3. Need to Promote Respect for the Law

Based on Turner's history and actions, the Government would contend that a 12-month sentence is necessary to promote his respect for the law. While Turner's behavior, both charged and uncharged, is disturbing, this will be the first time that he has served any meaningful period of incarceration. As such, a 12-month sentence, while taking into consideration Turner's service to this country and his mental health history is necessary to ensure that he develop such a healthy respect for the law, as well as those within the community.

### 4. Need to Afford Adequate Deterrence to Criminal Conduct

To the extent that rational actors are watching what the Court does here, a 12-month sentence followed by supervised release will provide a meaningful deterrent to the nature of the criminal conduct in which Turner engaged. With respect to Turner, a 12-month sentence will deter him during his period of imprisonment, and hopefully impress upon him the necessity of lawful and peaceful conduct in the future. Ultimately, a 12-month sentence will be the first time that Turner has been imprisoned for any significant period of time and will impress upon him that

Case 6:18-cr-03083-RK   Document 34   Filed 07/17/19   Page 5 of 7

committing additional crimes will only result in additional convictions and longer periods of imprisonment.

### IV. CONCLUSION

The Government respectfully requests that the nature and circumstances of the offense, Turner's unique mental health history and characteristics, the need to promote respect for the law, the need to afford adequate deterrence, and any other statutory sentencing factors be considered in reaching an appropriate sentence.

As such, the Government respectfully requests that this Court impose a sentence of 12 months' imprisonment. Such a sentence is supported by the facts and circumstances of this case.

    Respectfully submitted,

    TIMOTHY A. GARRISON
    United States Attorney

    */s/ Patrick Carney*
    PATRICK CARNEY
    Assistant United States Attorney
    Western District of Missouri
    901 St. Louis Street, Suite 500
    Springfield, Missouri 65806
    (417)831-4406

6

Case 6:18-cr-03083-RK   Document 34   Filed 07/17/19   Page 6 of 7

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 10th day of July, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Patrick Carney*
PATRICK CARNEY
